■ GEORGE DOMFORT, Respondent, v. TOWN OF FALLSBURGH, Appellant.— This is an appeal from an order denying its motion to dismiss the complaint, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice on the

grounds that the said complaint fails to set forth facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff, a policeman in a town having a police force of not more than four members, performed his duties for more than 40 hours per week, in violation of chapter 964 of the Laws of 1957 and that he is entitled to reimbursement for the excess time. Chapter 964 reads in part: "The * * * chief of police * * * having the management, control or direction of the police force of any * * * town * * * having a police force of not less than four members * * * shall not assign any patrolman * * * to more than one tour of duty; such tour of duty shall not exceed eight consecutive hours of each consecutive twenty-four hours and no patrolman shall be assigned to more than forty hours of duty during any seven consecutive day period; except in an emergency as described in this section or for the purpose of changing tours of duty." The plaintiff contends that the statute is applicable, that the complaint is sufficiently broad to allow the proving of an emergency which would not entitle the plaintiff to overtime pay but would entitle him to a leave of absence with pay for the amount of the overtime, pursuant to chapter 964, or for other relief. The defendant here contends that the complaint does not come within the framework of the statute and should be dismissed. We agree. That part of the chapter, which refers to an emergency, does not, in our opinion, imply that an officer thus acting is entitled to additional compensation in any form. The context of the chapter seems explicit that a police officer should work only the number of hours per day and the total number per week set forth therein except for additional time that may be necessary as the result of an emergency. It states as to an emergency "excepting only that in the event of strikes, riots, conflagrations * * * [patrolman] may be continued on duty for such hours as may be necessary." This statute, when read in context and in its entirety, did not intend to give any remedy such as pleaded by the plaintiff in his complaint. Order reversed and the complaint dismissed, without costs. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.